UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Hermelindo Villalobos, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action H-14-2551 |
| | § | |
| PNC Bank N.A., | § | |
| | § | |
| *Defendant*. | § | |

**Memorandum, Opinion and Order**

Pending before the court is a motion to dismiss filed by defendant PNC Bank N.A. Dkt. 5. Plaintiff Hermelindo Villalobos did not respond to the motion to dismiss. Having considered the motion, Villalobos's application for temporary restraining order, temporary injunction, and permanent injunction as filed in state court, and the applicable law, the court is of the opinion that the motion to dismiss (Dkt. 5) should be GRANTED.

**I. Background**

Villalobos entered into a promissory note with National City Mortgage Co., d/b/a Accubanc Mortgage, to secure real property located in Harris County, Texas. Dkt. 1-1. Villalobos claims that he "fell into financial hardship" and became delinquent on his payments in or around March 2008. *Id.* He applied for a modification and was allegedly told that the there would be no foreclosure during the modification process. *Id.* However, PNC Bank, which merged with National City Mortgage Co. in 2009, posted the property for foreclosure on September 2, 2014. *Id.*; *see* Dkt. 5 n.2 (explaining the relationship between National City Mortgage Co. and PNC Bank). Villalobos asserts

that, in the interim, he had found a purchaser who agreed to buy the property for $131,000.00. *Id.* The closing was scheduled for September 26, 2014.[1] *Id.*

Villalobos filed his application for a temporary restraining order, temporary injunction, and permanent injunction in the 269th Judicial District of Harris County, Texas on August 29, 2014. *Id.* The state court entered a temporary restraining order on the date the application was filed, and it set a hearing for the temporary injunction for September 5, 2014. *Id.* PNC Bank removed the case to this court on September 4, 2014. Dkt. 1.

PNC Bank now moves to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6), claiming that Villalobos alleges no facts upon which a viable claim can be founded and instead relies on conclusory statements and the mere recitation of elements of causes of action. Dkt. 5. Villalobos did not file a response to the motion.

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964–65 (2007) (quoting *Coneley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). In considering a 12(b)(6) motion to dismiss a complaint, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings in determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "[A] complaint attacked by a Rule 12(b)(6) motion

---

[1] The court has not received an update indicating whether the closing occurred as scheduled.

2

to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964–65 (citing *Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)) (internal citations omitted). And, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1965. The supporting facts must be plausible—enough to raise a reasonable expectation that discovery will reveal further supporting evidence. *Id.* at 1959.

### III. ANALYSIS

Villalobos asserts five different claims and requests an injunction. Dkt. 1-1. PNC Bank asserts that these claims are asserted merely to delay its right to foreclose and that Villalobos's claims should be dismissed and his request for an injunction denied. The court addresses each claim *seriatim*.

**A.    Unjust Enrichment**

Villalobos asserts a claim for unjust enrichment, claiming that he has a contract for the sale of the property in the sum of $131,000, his equity is $15,000, the listing of property in the general area is $150,000, and the mortgage balance is approximately $110,000, which would leave him with a equity base of $15,000 or more. Dkt. 1-1. Under Texas law, unjust enrichment "characterizes the result of failing to make restitution for benefits received under circumstances giving rise to an implied or quasi-contract." *TransAmerica Natural Gas Corp. v. Finkelstein*, 933 S.W.2d 591, 600 (Tex. App.—San Antonio 1996, writ denied). Thus, there can be no recovery for unjust enrichment if the same subject is covered by an actual contract. *Id.* (citing *Lone Star Steel Co. v. Scott*, 759 S.W.2d 144, 154 (Tex. App.—Texarkana 1988, writ denied)). Here, whether Villalobos is entitled to funds relating to his equity after defaulting on the note are the subject of an actual contract and

cannot form the basis of an unjust enrichment claim. PNC Bank's motion to dismiss Villalobos's unjust enrichment claim is therefore GRANTED, and the unjust enrichment claim is DISMISSED WITH PREJUDICE.

**B.      Violation of the Texas Debt Collection Act**

Villalobos contends that PNC Bank violated the Texas Debt Collection Act by threatening Villalobos with seizure, repossession, or sale of his property without proper court proceedings, threatening to take an action prohibited by law, wrongfully accelerating his real estate note, harassment and/or abuse. Dkt. 1-1. However, Villalobos does no more than recite the elements of the claim. This is insufficient to state a claim for which relief can be granted. *Twombly*, 127 S. Ct. at 1964–65. PNC Bank's motion to dismiss Villalobos's Texas Debt Collection Act claim is GRANTED, and this claim is DISMISSED WITH PREJUDICE.

**C.      Texas Deceptive Trade Practices Act**

Villalobos contends that PNC Bank violated the Texas Deceptive Trade Practices Act ("DTPA") by representing that an agreement confers or involves rights, remedies, or obligations that it does not. Dkt. 1-1. Villalobos does not expand as to what agreement he is referring or what was allegedly misrepresented. *Id.* Again, merely reciting the cause of action is insufficient to state a claim. PNC Bank's motion to dismiss Villalobos's DTPA claim is GRANTED, and the claim is DISMISSED WITH PREJUDICE.

**D.      Consumer Financial Protection Bureau Rules**

Villalobos contends that PNC Bank violated Texas Consumer Financial Protection Law by failing to send proper written mortgage statements with the information required under the "act." Dkt. 1-1. PNC Bank notes that it is "unclear from [Villalobos's] petition what statute he alleges [PNC Bank] violated." Dkt. 5. PNC Bank also points out that Villalobos does not state what

information was required under the "act" that PNC Bank failed to provide. *Id.* The court agrees that it is unclear what statute Villalobos relies upon and that Villalobos has therefore failed to assert a claim for which relief can be granted. Accordingly, PNC's motion with respect to the claim for a violation of the Consumer Financial Protection Bureau Rules is GRANTED, and the claim is DISMISSED WITH PREJUDICE.

**E.      Texas Property Code**

Villalobos next contends that PNC Bank violated the Texas Property Code section 51.002(d). To assert this claim, Villalobos merely quotes from a case in which the court stated that an execution sale would be set aside if there was proof of a grossly inadequate price and there were other irregularities such as the failure to send a notice to cure to the address in the holders' file. Dkt. 1-1. The facts stated by Villalobos do not indicate that a foreclosure sale has taken place in which there was a grossly inadequate selling price or that the notice of foreclosure was inadequate. *See id.* Accordingly, Villalobos, in merely citing this irrelevant language from another case rather than plausibly explaining how the facts in *this* case rise to a violation of the Texas Property Code, fails to state a claim for a violation of the Texas Property Code. PNC Bank's motion to dismiss this claim is GRANTED, and the claim is DISMISSED WITH PREJUDICE.

**F.      Injunctive Relief**

Villalobos requests an injunction preventing PNC Bank from foreclosing on his home. Dkt. 1-1. However, Villalobos has not stated any viable causes of action. Accordingly, his request for an injunction is DENIED.

## IV. Conclusion

PNC Bank's motion to dismiss is GRANTED. All of Villalobos's claims are DISMISSED WITH PREJUDICE. Villalobos's request for injunctive relief is DENIED. A final judgment will be entered concurrently with this memorandum, opinion, and order.

Signed at Houston, Texas on October 29, 2014.

_____
Gray H. Miller
United States District Judge